PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES GREFER,

               Plaintiff,

                                                    **ORDER**

    -v-                                           19-CV-6498-EAW

Parole Officer THOMAS GRANT et al.,

               Defendants.
_____

*Pro se* plaintiff Charles Grefer ("Plaintiff") has filed a motion asking the Court for an extension of time to file an amended complaint and for "injunctive relief." (Dkt. 18). While previously incarcerated at the Monroe County Jail, Plaintiff filed this *pro se* action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court dismissed the action with leave to amend. (Dkt. 17). Thereafter, Plaintiff filed the present motion for an extension of time to file the amended complaint "until 45 days past the end of the current Covid-19 pandemic and/or repeal of the 'stay home' order." (Dkt. 18 at 3). Plaintiff also seeks "injunctive relief" directing Defendants to "allow Grefer access [to] and use of his laptop computer in [New York State Department of Corrections and Community Supervision] Parole Div. custody due to insufficient cause for said condition" and to permit him to conduct legal research online and access online medical care. (*Id*.). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

- 1 -

The Court construes Plaintiff's request for "injunctive relief" as a request for a preliminary injunction or a temporary restraining order.  Generally speaking, relief of this type may be granted "if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party."  *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989).  However, "[a] plaintiff cannot rely on the fair-ground-for-litigation alternative to challenge governmental action taken in the public interest pursuant to a statutory or regulatory scheme."  *Serv. Employees Int'l Union Local 200 United v. Trump*, 419 F. Supp. 3d 612, 617 (W.D.N.Y. 2019), *aff'd*, 975 F.3d 150 (2d Cir. 2020) (quoting *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014)).  Plaintiff wholly fails to meet the standard for either a preliminary injunction or temporary restraining order, and accordingly this request is denied.

To the extent that Plaintiff seeks an extension of time to file an amended complaint, the Court will grant this request in part.  Plaintiff's request for an extension until some unknown time in the future when the COVID-19 pandemic has ended is denied, but the Court in its discretion will extend the deadline of its prior order until sixty days from the date of this Order.

## **ORDER**

IT HEREBY IS ORDERED, that Plaintiff's motion for preliminary injunctive relief is DENIED, and his motion for an extension is GRANTED insofar as his time to file an

amended complaint as directed in the Court's Order entered at Docket Item 17 on April 15, 2020, is extended to sixty days from the date of this Order, but is otherwise DENIED.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       February 18, 2021
             Rochester, New York